**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| JACQUELINE A. BATTS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:25-cv-02711-SHL-cgc |
| KROGER LIMITED PARTNERSHIP I and AMERICAN GUARD SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION
FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Before the Court is pro se Plaintiff Jacqueline A. Batts's Notice of Voluntary Dismissal Without Prejudice, filed May 29, 2026. (ECF No. 69.) Batts seeks voluntary dismissal of her amended complaint without prejudice. (Id. at PageID 687.) The Court construes the Notice as a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2). Defendants Kroger Limited Partnership I and American Guard Services, Inc., have filed no response.

Rule 41(a)(1) allows a plaintiff to dismiss an action under certain conditions, while Rule 41(a)(2) requires a court order to dismiss. Because Batts did not move for voluntary dismissal until after Kroger filed its answer, and because the Parties have not stipulated to dismissal, Rule 41(a)(2) governs here. Thus, to voluntarily dismiss this matter, Batts requires a court order. Fed. R. Civ. P. 41(a)(2).

"The primary purpose of Rule 41(a)(2)'s requirement of a court order is to protect the nonmovant from unfair treatment." Walther v. Fla. Tile, Inc., 776 F. App'x 310, 315 (6th Cir. 2019) (citing Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994)). Courts are to consider whether a defendant "would suffer plain legal prejudice as a result of dismissal without

prejudice, as opposed to facing the mere prospect of a second lawsuit," considering a nonexclusive list of factors to assess legal prejudice, including "(1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action"; (3) whether plaintiff's explanation for the need to take a dismissal is insufficient, and (4) "whether a motion for summary judgment has been filed by the defendant." Id. (quoting Grover, 33 F.3d at 718). "The [Grover] factors are simply a guide for the trial judge, in whom the discretion ultimately rests." Rosenthal v. Bridgestone/Firestone, Inc., 217 F. App'x 498, 502 (6th Cir. 2007) (internal citation omitted).

Here, under the first Grover factor, Defendants have expended effort and expense by filing an answer and a motion to dismiss the amended complaint. However, the work involved in these filings is relevant to any future litigation, if this matter resurfaces. See Yandell Constr. Servs., Inc. v. LMR Constr., LLC, No. 17-cv-01307, 2018 WL 4375112, at *3 (W.D. Tenn. Sept. 13, 2018) ("Although the Court notes that conducting over two years of litigation results in no small expense, much of the effort put forth in the discovery phase of this case could presumably be used in any future suit brought by Plaintiff against the two Defendants."). Thus, this factor favors Batts' motion to dismiss without prejudice.

Turning to the second factor, "excessive delay and lack of diligence," Batts has not been slack in her prosecution of the case. On the contrary, she has proven prolific in her motion practice. As to the third Grover factor, Batts provides a sufficient reason for the voluntary dismissal. She states that moving forward with the suit "would place an unreasonable burden upon [her] personally, financially, and procedurally." (ECF No. 69 at PageID 687.) The fourth factor also supports granting the motion because Defendants have not yet filed a motion for summary judgment. Finally, seeing that Defendants have not taken a position on Batts' motion

since she filed it on May 29, their silence suggests that they are unlikely to be prejudiced by the dismissal.

Therefore, Batts' request for voluntary dismissal without prejudice is **GRANTED**.

**IT IS SO ORDERED,** this 7th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE